**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **KAY C. CREWS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 15-00606-KD-B** |
| | ) |
| **STANDARD INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>ORDER</u>**

This action is before the Court on Defendant Standard Insurance Company's motion for leave to file under seal (doc. 14).  Standard moves to file under seal, the evidentiary materials submitted in support of its motion for summary judgment.

However, when an action is before the court for "resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013, 1016 (11th Cir.1992).   Therefore, because of public concern with court proceedings, the courts have recognized a "common law right to access to judicial proceedings", which is "an essential component of our system of justice" and "instrumental in securing the integrity of the process." *Romero v. Drummond Co*., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations and quotation marks omitted).  The "common law right to access includes the right to inspect and copy public records and documents", *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) (citation mitted), including any "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery." *Romero,* 480 F.3d at 1245.

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the

information confidential.'" *Romero,* 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1309. " '[W]hether good cause exists ... is ... decided by the nature and character of the information in question.'" *Id.* at 1246.

The Court of Appeals for the Eleventh Circuit has explained that

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*United States v. Ignasiak*, 667 F.3d 1217, 1238 (11th Cir. 2012) (quoting *Romero,* 480 F. 3d at 1246.)

Additionally, the First Amendment provides a right of access to criminal court proceedings and a limited right where civil proceedings are at issue. *Chicago Tribune,* 263 F 3d at 1310.  Should this limited right apply to this action, Standard, as the party seeking to seal documents would need to "show that sealing is 'necessary to achieve a legitimate purpose' and that less intrusive alternatives were considered[.]" *Clark v. Bamberger,* 2016 WL 1183180 (M.D. Ala. Mar. 28, 2016) (quoting *Newman v. Graddick,* 696 F. 2d 796, 802 (11th Cir. 1983)).

In the motion, Standard states that the evidentiary materials in the administrative record contain information of a sensitive nature that should not become part of the public record, and that neither party will be prejudiced by the seal.  Standard identifies the documents in the administrative record as the "Certificate and Summary Plan Description Group Life Insurance Policy, Policy No. 6497380A, and the claim file pertaining to additional life insurance benefits purchased by" the insured decedent (doc. 14, p. 2).

2

The Court finds that Standard has failed to make the requisite showing of good cause to seal and keep confidential the entire administrative record. Accordingly, Standard shall **show cause on or before June 7, 2016**, as to which portions of the administrative record are of such a nature and character that the common law right of access may be overcome.

**DONE** and **ORDERED** this 24th day of May 2016.


 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**