IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAY C. CREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 15-00606-KD-B |
| ) | |
| STANDARD INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Standard Insurance Company's motion for summary judgment and the response filed by Plaintiff Kay C. Crews (doc. 13, 24). Upon consideration, and for the reasons set forth herein, the motion for summary judgment is GRANTED.

I. Procedural Background

Kay C. Crews brought this action against Standard Insurance Company in the Circuit Court of Perry County, Alabama. Crews is the beneficiary of a group life insurance policy in force when the insured Dale Johnson died in Mobile County, Alabama. Johnson had group life insurance coverage as a benefit of his employment with Crescent Hotels and Resorts, LLC. Crews alleged that Standard unlawfully refused to pay the benefits. Standard removed the action to this Court on basis that employee benefits are preempted under federal law; specifically, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 (ERISA).

II. Factual Background[1]

Standard issued a policy of group life insurance to Crescent. (Doc. 20-1, p. 6) (Group Policy

---

[1] Crews did not controvert Standard's statement of undisputed facts. Therefore, the "Court will deem uncontroverted material facts to be admitted solely for the purpose of deciding the motion for summary judgment." S.D. Ala. CivLR 56(d). Accordingly, Standard's statement of undisputed facts forms the basis for the Court's factual findings.

No. 649738-A, effective June 1, 2014 (the "Plan")). Johnson was employed by Crescent and participated in the Plan. He died in a pedestrian accident on February 15, 2015. (Id., p. 124-128) At his death, Johnson had group life insurance totaling $31,000, plus double indemnity for accidental death, equaling total benefits of $62,000. (Id., p. 23-6)  The $31,000 life insurance amount consisted of $21,000 in basic coverage (equaling Johnson's salary), and an additional $10,000 in voluntary life coverage paid through Johnson's payroll withholding. (Id., p. 12, 14, 76, 87, 196)

Crews, the beneficiary, initially submitted a life insurance claim listing an amount of $50,000, which was different from what the Plan provided. (Id., p. 200, 217-218)  That figure may have originated from the HR manager at Crescent Hotels, who completed the Proof of Death claim form listing the coverage amount as $50,000. (Id., p. 200)  The HR manager later acknowledged that Johnson only paid 90 cents per pay period, which entitled his beneficiary to "whatever amount that comes out to." (Id., p. 140)  Johnson once signed up for $50,000 from Mutual of Omaha -- a different company -- before this HR Manager's employment and that was the form she saw. (Id., p. 140, 205) To the extent there was any mix-up between the HR Manager and Crews, such are addressed by the Plan Document (under "Clerical Error and Misstatement") in which the parties agreed that the Employer (Crescent) serves as the employee's agent, not Standard's agent. (Id., p. 38)

Standard made payments totaling $62,000 plus interest to Crews and C&J Financial, who financed the funeral. (Id., p. 69-71, 82, 204)  An initial set of payments totaling $31,000 was made soon after the claim. (Id., p. 147, 165-166) A second set of equal payments (the double indemnity payment based on the Accidental Death provision) was sent as soon as Standard confirmed the accidental circumstances of the insured's death. (Id., p. 024, 087)

Soon after receipt of the $62,000 life insurance proceeds from Standard, Crews filed her complaint in the Circuit Court of Perry County, Alabama.  She alleged that Standard "refused to

2

honor plaintiff's' claim for benefits." (Doc. 1-1)  Crews did not file an administrative appeal in accordance with ERISA requirements and the Plan's written terms. (Id., p. 35)

     III. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  Standard, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  If Standard fails "to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Clark*, 929 F.2d at 608.

If Standard carries its initial summary judgment burden, the responsibility shifts to the non-movant Crews "to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d at 1115.  If Crews fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then Standard, as the moving party, is entitled to summary judgment. *Celotex*, 477 U.S. at 323.  In deciding whether Crews has met her burden, "the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter ... the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998–999 (11th Cir.1992).  The district court must view the evidence and the reasonable inferences arising

3

from the evidence in the light most favorable to the nonmovant Crews. *Jean–Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010); *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (same).

Because ERISA does not set out a standard of review for challenges to the denial of benefits brought under 29 U.S.C. § 1132(a)(1)(B)" the Court of Appeals for the Eleventh Circuit "has developed a multi-part test, relying on the Supreme Court's opinions in *Firestone Tire & Rubber Company v. Bruch,* 489 U.S. 101, 109 (1989), and *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105, 111 (2008)." *Oliver v. Aetna Life Ins. Co.*, 2015 WL 4153628, *3 (11th Cir. 2015). The district courts proceed as follows:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is " de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is " de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Oliver*, 2015 WL 4153628 at *3 (citing *Blankenship v. Metro. Life Ins. Co.,* 644 F.3d 1350, 1355 (11th Cir. 2011).

IV. <u>Analysis</u>

On motion for summary judgment, Standard argues that the sole issue for the Court is whether it underpaid Crews' life insurance claim.  Standard points out that there is no dispute as to the amount of group life coverage provided to Johnson, the amount that Johnson purchased, or that the Plan had a double indemnity provision.  Standard argues that Crews has failed to produce any evidence to show that Standard erred in its calculations.

Alternatively, Standard argues that even should Crews challenge the calculations, Standard's decision is entitled to a deferential standard of review under ERISA because it was given discretion to interpret the Plan, review the employer's records, and determine the amount of benefits.  Under this review, Standard argues that the Court should uphold the decision, unless it lacked any rational basis in law or fact, *i.e.* was not reasonable.  Standard argues that since the payment was based on undisputed payroll records and was consistent with the Schedule of Insurance in the Plan, and actually included an amount greater than what Johnson purchased by payroll deduction, the decision to pay $62,000 was not unreasonable and should be upheld.

Standard also argues that Crews failed to allege or produce any facts showing that she exhausted the applicable administrative appeal procedures before filing suit.  Standard argues that it is entitled to judgment as a matter of law or alternatively, entitled to dismissal of her claims on procedural grounds for failure to exhaust her administrative remedies.

In response, Crews states that she has "authorized" her attorney to "consent to defendant's Motion for Summary Judgment." (Doc. 24)  Crews did not rebut Standard's statement of undisputed facts or its argument.

In view of Crews' consent and the fact that she failed to present any evidence that would create a genuine dispute of material fact as to whether Standard paid Crews the correct amount due under the Plan, the Court finds as matter of law, that Standard has not underpaid Crews' claim.

Moreover, Crews has failed to present any evidence or argument that Standard's decision lacked a rational basis in law or fact, thus as a matter of law, the Court finds that Standard's decision was not arbitrary and capricious and was reasonable.  Accordingly, Standard is entitled to summary judgment as to Crews' claims.  *See Sherman v. City of Fort Valley*, 2015 WL 5162271, at *3 (M.D. Ga. Sept. 2, 2015) (finding that because Sherman had filed a consent to Defendants' motion for summary judgment and did not make any argument or provide any evidence that her constitutional rights were violated, there was "no evidence to create a genuine issue of fact whether the Defendants violated her constitutional rights to support a § 1983 claim" and therefore, certain defendants were entitled to summary judgment).

In consideration of this decision, the Court declines to dismiss Crews' claims for failure to exhaust her administrative remedies.[2]

V. Conclusion

For the reasons set forth herein, Standard's motion for summary judgment is **GRANTED**.

Final judgment shall be entered by separate document pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 22nd day of June 2016.

>  **s / Kristi K DuBose**
>  **KRISTI K. DuBOSE**
>  **UNITED STATES DISTRICT JUDGE**

---

[2]  *Florida Health Sciences Ctr., Inc. v. Total Plastics, Inc.*, 496 F. App'x 6, 10 (11th Cir. 2012) ("The district court may, however, exercise its discretion not to require exhaustion when 'resort to administrative remedies would be futile or the remedy inadequate[.]'") (quoting *Perrino v. S. Bell Tel. & Tel. Co.,* 209 F.3d 1309, 1315 (11th Cir.2000) (quoting in turn *Counts v. Am. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir.1997))).